**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PLShack LLC | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-00847 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | Mag. Judge |
| Identified in Schedule "A," | ) | |
| Defendants | ) | |

## Complaint

**NOW COMES** Plaintiff PLShack, LLC ("Plaintiff" or "PLShack"), by and through its counsel at

AU LLC and hereby brings the present action against the Partnerships and Unincorporated

Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as

follows:

### Introduction

1. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's

   commercial reputation and goodwill by offering for sale and/or selling unauthorized and

   unlicensed counterfeit products, including diversion safes, using counterfeit versions of

   Plaintiff's federally registered trademarks (the "Counterfeit STASH-IT Products").

2. Defendants create fully interactive, commercial Internet stores operating under at least the

   online marketplace accounts identified in Schedule A attached hereto (collectively, the

   "Defendant Online Stores") design them to appear to be selling genuine STASH-IT products,

   while actually selling Counterfeit STASH-IT Products to unknowing consumers.

3. The Defendant Internet Stores share unique identifiers, such as product photographs and design

   elements and similarities of the counterfeit products offered for sale, establishing a logical

relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

4. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of the registered STASH-IT trademark (the "STASH-IT Mark"), as well as to protect unknowing consumers from purchasing Counterfeit STASH-IT Products over the Internet.

5. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendants' actions and accordingly seeks injunctive and monetary relief.

**Parties**

6. Plaintiff is a limited liability company organized under the laws of the State of Missouri with an office and principal place of business at 3330 S. Carriage Ave. Springfield, MO 65809.

7. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Online Stores. Each Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit STASH-IT Products to consumers within the United States, including the State of Illinois and this Judicial District.

8. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the STASH-IT Mark in the same transaction, occurrence,

or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Complaint.

## Jurisdiction and Venue

9. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, *et seq.,* 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)-(b).

10. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District. Defendants reach out to do business with residents of Illinois and this Judicial District by operating one or more commercial, fully-interactive Defendant Online Stores through which residents of Illinois and this Judicial District can purchase products being offered and sold under counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has targeted sales from residents of Illinois and this Judicial District by operating a Defendant Online store that accepts payment in U.S. dollars and offers shipping to addresses within Illinois and this Judicial District for products offered with counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has committed and is committing tortious acts in Illinois and this

Judicial District, is engaging in interstate commerce, and has wrongfully cased Plaintiff

substantial injury in the State of Illinois

**Plaintiff's Business**

12. Since 2016, Plaintiff has been engaged in the design, distribution, and sale of diversion safes (collectively, the "STASH-IT Products"). Plaintiff's products are some of the most cleverly-designed and popular diversion safes on the market.

13. Plaintiff has spent considerable resources growing and protecting the STASH-IT brand.

14. Plaintiff is the owner of all rights, title and interest in and to the STASH-IT Mark.

15. Plaintiff uses its STASH-IT Mark in connection with the marketing of its STASH-IT products and has registered the STASH-IT Mark with the United States Patent and Trademark Office, as set forth below:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 5,305,849 | STASH-IT | For: Diversion safes in international class 006. |

16. The above U.S. registration for the STASH-IT Mark is valid, subsisting, and in full force and effect. The registration for the STASH-IT Mark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the STASH-IT Mark pursuant to 15 U.S.C. § 1057(b). A true and correct copy of the United States Registration Certificate for the above-listed STASH-IT Mark is attached hereto as Exhibit 1.

17. Plaintiff has built substantial goodwill in and to the STASH-IT Mark which is a well-known and valuable asset of Plaintiff.

18. Plaintiff has continuously used the STASH-IT Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine STASH-IT Products since August 1, 2016.

19. Genuine STASH-IT products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine STASH-IT Products are instantly recognizable among the consuming public and the STASH-IT Mark identifies, in the United States and around the world, high quality diversion safes offered by Plaintiff.

20. Genuine STASH-IT Products have been promoted and sold at Plaintiff's Amazon.com storefront and select licensed dealers. Sales of the STASH-IT products have been significant, and Plaintiff's Amazon.com storefront and those of its licensees feature proprietary content, images, and designs exclusive to the STASH-IT brand.

21. As a result of Plaintiff's longstanding use of its STASH-IT Mark in association with its high-quality products, extensive sales, and significant marketing activities, the STASH-IT Mark has achieved widespread acceptance and recognition among with consuming public and throughout U.S. interstate commerce.

22. The STASH-IT Mark is exclusive to Plaintiff and its licensees and appear clearly on all STASH-IT Product packaging and related advertisements. Plaintiff has expended substantial time, money, and other resources to develop, advertise, promote, and protect the STASH-IT Mark. Accordingly, products bearing the STASH-IT Mark are widely recognized and exclusively associated by the consuming public and the industry as being high-quality diversion safes sourced from Plaintiff and the STASH-IT Mark is famous throughout the United States.

23. The STASH-IT Mark is distinctive when used in association with the sale of Plaintiff's diversion safes, signifying to the purchaser that the products come exclusively from Plaintiff or its licensees and are made to Plaintiff's material specification.

**Defendant's Unlawful Conduct**

24. It has been estimated that e-commerce trademark infringement, particularly involving counterfeit goods, and piracy / copyright infringement cost merchants in the U.S. alone nearly $41 billion.[1]

25. Marketplaces like Amazon, iOffer, eBay, and AliExpress, among others, allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales manufacturers would otherwise enjoy. U.S. Customs' skyrocketing seizure rates still represent less than 3% of the total infringing goods being sold.[2]

26. The success of Plaintiff's STASH-IT Mark has resulted in substantial counterfeiting activity and other attempts to misappropriate Plaintiff's proprietary rights. Accordingly, Plaintiff regularly polices the use of its STASH-IT Mark and has identified many online product listings on marketplaces such as Amazon.com, eBay.com, and other Internet locations offering for sale and selling Counterfeit STASH-IT Products to consumers throughout the United States including this Judicial District.

27. Defendants enable and facilitate sales of the Counterfeit STASH-IT Products by presenting the Defendant Online Stores as legitimate resellers using standardized product listing layouts and terminology. Many defendants utilize photographs, taken directly from Plaintiff's authorized STASH-IT Product listings, to enhance the illusion of legitimacy of the Defendant Online Stores' listings. Plaintiff has not licensed or authorized Defendants to use its STASH-IT Mark, and none of the Defendants are authorized retailers of genuine STASH-IT Products.

---

[1] The National Bureau of Asian Research, The Report of the Commission on the Theft of American Intellectual Property, at 9, Pub. The Commission on the Theft of American Intellectual Property 2017, available at http://www.ipcommission.org/report/IP_Commission_Report_Update_2017.pdf
[2] U.S. Customs and Border Patrol, "Intellectual Property Rights Seizure Statistics Fiscal Year 2015," available at https://www.cbp.gov/sites/default/files/assets/documents/2017-Jan/2015%20IPR%20Annual%20Statistics.pdf

28. Different Defendants utilize different methods to deceive unknowing consumers. Some Defendants will use the STASH-IT Marks, without authorization, in the product description, titles, or meta tag of their store listings to attract consumers who are searching for STASH-IT Products. Other Defendants will reproduce the STASH-IT Mark within their product listing images. Still other Defendants will simply use the Plaintiff's own product photographs in their product listings to imply that the products being sold are genuine.

29. Defendants take pains to conceal their identities from the public, almost invariably using store names and addresses which do not identify Defendants. Defendants may operate several stores simultaneous using fictitious identities such as those listed in Schedule A, as well as other fictitious names and addresses. Moreover, counterfeits like Defendants will often register new store accounts under new fictitious names when they receive notice that one or more stores have been the subject of a lawsuit. The use of these store registration schemes is one of several ways in which Defendants, to avoid being shut down, conceal their true identities and the interworkings of their counterfeit operations.

30. Despite Defendants operating under multiple fictitious names, their stores bear numerous similarities. Counterfeit STASH-IT Products bear similar irregularities and indicia of being counterfeit to one another, which suggests that the products were manufactured and/or supplied by a common source and that the Defendants selling them are interrelated. Moreover, the Defendant Online Stores use other common means to sell the Counterfeit STASH-IT Products including, without limitation, using the same payment processors, obfuscated contact information, identically or similarly-priced items, incorrect grammar and spellings within the product listings, and the use of the same listing text and images taken from Plaintiff's own storefronts.

31. Counterfeiters like Defendants will typically ship counterfeit products in small quantities via international mail to mitigate detection by U.S. Customs and Border Protection. Further, they will typically operate multiple credit card merchant accounts (*e.g.*, PayPal) or use layers of payment gateways to forestall their cashflow being interrupted due to trademark enforcement efforts. On information and belief, Defendants utilize offshore bank accounts and routinely move funds from PayPal and other U.S.-based merchant accounts (e.g., within China) outside the jurisdiction of this Court.

32. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the STASH-IT Marks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit STASH-IT Products into the United States and into Illinois over the Internet.

33. Each Defendant offers shipping to the United States, including specifically Illinois. On information and belief, each Defendant has sold Counterfeit STASH-IT Products into the United States, including specifically Illinois.

34. Defendants' unauthorized use of the STASH-IT Mark in connection with the advertising, distribution, offering for sale, and sale of Counterfeit STASH-IT Products, including with respect to the sale of such products into the United States, including specifically Illinois, is like to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

### Count I - Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

35. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 34.

36. Plaintiff's trademark infringement claims against Defendants are based on their unauthorized use in commerce of counterfeit imitations of the federally-registered STASH-IT Mark in connection with the advertising, distribution, offering for sale, and sale of infringing goods.

37. The STASH-IT Mark is a distinctive mark, and consumers have come to expect superior quality from STASH-IT Products advertised, distributed, offered, or sold under the STASH-IT Mark.

38. Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the STASH-IT Mark without Plaintiff's permission.

39. Plaintiff is the exclusive owner of the STASH-IT Mark. Plaintiff's registration for the STASH-IT Mark is in full force and effect.

40. Upon information and belief, Defendant are aware and have knowledge of Plaintiff's rights in the STASH-IT Mark and are willfully infringing it and intentionally using counterfeit reproductions thereof.

41. Defendants' willful, intentional, and unauthorized use of the STASH-IT Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit STASH-IT Products among the general public.

42. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

43. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known STASH-IT Mark if Defendants' actions are not enjoined.

44. Defendants' wrongful advertisement, offering to sell, and sale of Counterfeit STASH-IT Products have directly and proximately caused injuries and damage to Plaintiff.

**Count II - False Designation of Origin (15 U.S.C. § 1125(a))**

45. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 44.

46. Defendants' advertising, distribution, offering for sale, and sale of Counterfeit STASH-IT Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit STASH-IT Products by Plaintiff.

47. By using the STASH-IT Marks in association with the advertising, distribution, offering for sale, and sale of the Counterfeit STASH-IT Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Counterfeit STASH-IT Products.

48. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit STASH-IT Products to the general public involves the willful use of counterfeit marks and is a willful violation of 15 U.S.C. § 1125.

49. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known STASH-IT Mark if Defendants' actions are not enjoined.

**Count III - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

50. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 49.

51. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Counterfeit STASH-IT Products as those of Plaintiff; cause a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine STASH-IT Products; representing that their products have Plaintiff's approval when they do not; and

engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

52. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, et seq.

53. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known STASH-IT Mark if Defendants' actions are not enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, PLShack LLC, prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the STASH-IT Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine STASH-IT Product or is not authorized by Plaintiff to be sold in connection with the STASH-IT Mark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine STASH-IT Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the STASH-IT Mark;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit STASH-IT Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

**d.** further infringing the STASH-IT Mark and damaging Plaintiff's goodwill; and

**e.** manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the STASH-IT Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

**2)** Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon and eBay, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

**a.** disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the STASH-IT Mark;

**b.** disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the STASH-IT Mark; and

**c.** take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index;

**3)** That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the STASH-IT Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

**4)** In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the STASH-IT Mark;

**5)** That Plaintiff be awarded its reasonable attorneys' fees and costs; and

**6)** Award any and all other relief that this Court deems just and proper.

Dated February 8, 2019

Respectfully Submitted

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Plaintiff PLShack LLC*